UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.	Case No. 11-20180

Dwaine Danair Alexander,	Honorable Sean F. Cox

    Defendant.

_____/

## ORDER REGARDING
## DEFENDANT'S MOTION IN LIMINE (DOCKET ENTRY NO. 104)

In this action, Defendant Dwaine Danair Alexander ("Defendant") is charged with numerous drug and weapons charges. The charges include possession with intent to distribute heroin and possession with intent to distribute marijuana. Defendant has stated that he intends to testify at trial. It appears that Defendant will present a "mere presence" defense at trial.

Plaintiff has filed a Motion in Limine (Docket Entry No. 104), seeking to exclude the use of Defendant's prior 2007 delivery of marijuana conviction as Rule 404(b) evidence or as impeachment evidence when Defendant testifies.

**A.	Should This Court Allow The Government To Offer Evidence Of The 2007 Conviction Pursuant To Federal Rule of Evidence 404(b)?**

"The Rule 404(b) inquiry consists of three parts. First, the trial court must make a preliminary determination as to whether sufficient evidence exists that the prior act occurred. Second, the district court must make a determination as whether the 'other act' is admissible for a proper purpose under Rule 404(b). Third, the district court must determine whether the 'other acts' evidence is more prejudicial than probative under Rule 403." *United States v. Mack*, 258

1

F.3d 548, 554 (6th Cir. 2001).

Here, there no dispute as to the first inquiry – whether sufficient evidence exists that the prior act occurred.[1]  Rather, the real inquiries are whether there is a proper purpose for the Government's use of the evidence of the 2007 conviction and whether that evidence is more prejudicial than probative.

In *United States v. Merriweather*, 78 F.3d 1070 (6th Cir. 1996), the Sixth Circuit set forth the proper procedure for a making a Rule 404(b) determination:

> Upon objection by the defendant, the proponent of the evidence, usually the government, should be required to identify the *specific* purpose or purposes for which the government offers the evidence of "other crimes, wrongs, or acts." By so requiring, we do not mandate hypertechnicality. It is true that whether 404(b) evidence is admissible for a particular purpose will sometimes be unclear until late in the trial because whether a fact is "in issue" often depends on the defendant's theory and the proofs as they develop. Nevertheless, the government's purpose in introducing the evidence must be to prove a fact that the defendant has placed, or conceivably will place, in issue, or a fact that the statutory elements obligate the government to prove.
>
>  After requiring the proponent to identify the specific purpose for which the evidence is offered, the district court must determine whether the identified purpose, whether to prove *motive* or *intent* or *identity* some other purpose, is "material"; that is, whether it is "in issue" in the case. If the court finds it is, the court must *then* determine, before admitting the other acts evidence, whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice under Rule 403. **If the evidence satisfies Rule 403, then, after receiving the evidence, the district court must "clearly, simply, and correctly" instruct the jury as to the *specific* purpose for which they may consider the evidence.** ***Johnson,*** **27 F.3d at 1193.**

---

[1] Defendant does not address this inquiry in his brief.  As to this inquiry, the Government states: "[T]here is substantial evidence that the prior act occurred.  Defendant was charged with the offense.  Two sworn DPD officers testified as to their observations and were subject to cross-examination by defendant's counsel during the bench trial in December 2007.  After hearing all of the evidence, including defendant's testimony, Judge Berry made judicial findings of fact. The government will offer as evidence the transcript of the December 2007 trial, particularly Judge Berry's findings of fact." (Govt.'s Br. at 5).

*Id.* at 1076-77 (emphasis in original).

        1.       **Is The Proffered Evidence Relevant To An Issue Other Than Character?**

Upon Defendant's objection to the admission of evidence of the 2007 conviction, the Government is "required to identify the specific purpose or purposes for which the government offers" the evidence. *Merriweather*, 78 F.3d at 1076. After the Government identifies the specific purpose for which the evidence is offered, the Court determines whether the purpose identified by the Government "is 'material;' that is, whether it is 'in issue' in the case." *Id.* at 1077.

Here, the Government states that "evidence of [D]efendant's 2007 offense is relevant to the issues of his *knowledge*, *voluntariness,* and *intent* in this case." (Govt.'s Br. at 5) (emphasis added).

As to the conspiracy count, the Government asserts that evidence of the 2007 conviction will be introduced to show knowledge of the conspiracy or that Defendant voluntarily joined it:

> To prove count one (conspiracy), the government must prove that defendant knew of an agreement to distribute heroin and to possess with intent to distribute heroin and voluntarily joined in the conspiracy, knowing of its objects and intending to accomplish them. The fact that defendant was previously involved in drug dealing, less than three years prior to the date of offense in this case, tends to show that he knew of the heroin conspiracy, voluntarily joined it, and intended to further its goals – and was not a mere bystander.

(Govt.'s Br. at 6).

While knowledge of the conspiracy and agreement to join same are clearly at issue

in this case, the Court fails to see how Defendant's 2007 conviction shows that Defendant knew of or voluntarily joined a conspiracy to distribute heroin.

With respect to Counts Fourteen (possession with intent to distribute controlled substances, heroin) and Fifteen (possession with intent to distribute controlled substances, marijuana), the Government contends that Defendant's 2007 conviction can be sued to show intent to distribute.  The Government directs the Court to *United States v. Johnson*, 27 F.3d 1186 (6th Cir. 1994).

In *Johnson,* the Sixth Circuit ruled that "where the crime charged is one requiring specific intent, the prosecutor may use 404(b) evidence to prove that the defendant acted with the specific intent notwithstanding any defense the defendant might raise."  *Id*. at 1192.  The *Johnson* court explained that the "rule might be stated as follows: where there is thrust upon the government, either by virtue of the defense raised by the defendant or by virtue of the elements of the crime charged, the affirmative duty to prove that the underlying prohibited act was done with a specific criminal intent, other acts evidence may be introduced under Rule 404(b)."  *Id.*

Here, Counts Fourteen and Fifteen charge Defendant with specific intent crimes (i.e., possession with intent to distribute).  Thus, intent is at issue in this case.  *Johnson,* 27 F.3d at 1193 ("[S]ince the government was obligated to prove not only that [Defendant] possessed the cocaine, but that he did so with the specific intent of distributing it, the government's evidence of other similar acts of possession with intent to distribute was admissible subject to the court's duty to weigh the probative value of the evidence against its prejudicial effect.").  That does not mean that Defendant's 2007 conviction is

automatically admissible in this case.  It only means that intent is a proper purpose for the Government's requested use of that evidence.  This Court must still determine whether that evidence is more substantially prejudicial than probative.

2. Is The Probative Value Substantially Outweighed By The Prejudicial Effect?

The determination as to whether the probative value of the evidence is outweighed by the prejudicial effect of that evidence is left to the sound discretion of the district court.

"One factor in balancing unfair prejudice against probative value under Rule 403 is the availability of other means of proof."  *Merriweather*, 78 F.3d at 1077.  Here, Defendant's prior 2007 conviction is not the only evidence that the Government can use to establish intent to distribute at trial.  The Government also has other evidence that it can rely on to try to establish that Defendant possessed the drugs with intent to distribute.  Defendant was found in the house during the execution of the search warrant, where there was evidence found that is indicative of drug packaging for resale to others (lottery slips commonly used for drug packaging, a digital scale, etc.).

Another consideration is whether the "reverberating clang" of the evidence that Defendant committed the same or similar crime on another occasion will "drown the weaker sound" of the evidence of Defendant's 2007 conviction; proof of Defendant's intent to distribute, "leaving the jury to hear only the inference that if the defendant did it before, he probably did it again."  *Merriweather*, 78 F.3d at 1077.  The Court concludes that would be the case here if evidence of Defendant's 2007 conviction were permitted.

Accordingly, the Court concludes that the probative value of the evidence is not substantially outweighed by the prejudicial effect.  The Court shall GRANT Defendant's

motion to exclude the use of Defendant's 2007 conviction as Rule 404(b) evidence at trial.

**B.     Should This Court Allow The Government To Offer Evidence Of The 2007 Conviction Pursuant To Federal Rule of Evidence 609?**

The Government also contends that if Defendant testifies at trial, his 2007 conviction should be admitted to impeach his credibility, pursuant to FED. R. EVID. 609, which provides, in pertinent part that "evidence that an accused has been convicted of such a crime [punishable by death or imprisonment in excess of one year] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused."  FED. R. EVID. (a)(1).

The Sixth Circuit has set forth several factors as pertinent to a trial court's determination of the admissibility of a prior felony for impeachment purposes: 1) the impeachment value of the prior crime; 2) the point in time of the conviction; 3) the similarity between the past crime and the charged crime; 4) the importance of the Defendant's testimony; and 5) the centrality of the credibility issue.  *United States v. Meyers*, 952 F.2d 914, 916 (6th Cir. 1992); *United States v. Frazier*, 314 Fed.Appx. 801, 804 (6th Cir. 2008).

At this juncture, the Court is inclined to grant Defendant's motion and preclude evidence of Defendant's 2007 conviction as impeachment evidence under Rule 609 because, as stated above, the Court concludes that evidence of Defendant's 2007 conviction would be highly prejudicial in this case.  However, because Defendant has not yet testified, the substance of Defendant's testimony is unknown.  The Court shall permit the Government to move for admission of evidence of Defendant's 2007 conviction as impeachment evidence

under Rule 609 if the nature and substance of Defendant's testimony at trial so warrants.

## ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's Motion in Limine is GRANTED to the extent that the Court rules that the Government is PRECLUDED from introducing evidence of Defendant's 2007 conviction as Rule 404(b) evidence.

IT IS FURTHER ORDERED that Defendant's motion to preclude the Government from using evidence of his 2007 conviction as impeachment evidence under Rule 609 is CONDITIONALLY GRANTED. If the nature and substance of Defendant's testimony at trial so warrants, however, the Government may move to admit evidence of Defendant's 2007 conviction as impeachment evidence under Rule 609.

IT IS SO ORDERED.

                                            S/Sean F. Cox
                                            Sean F. Cox
                                            United States District Judge

Dated: December 13, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 13, 2011, by electronic and/or ordinary mail.

                                            S/Jennifer Hernandez
                                            Case Manager